IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LUKE A. WEGMANN,

    Plaintiff,

v.

TRUSTEES OF JOHN A. LOGAN COLLEGE, WILLIAM J. KILQUIST, AARON R. SMITH, JACOB RENDLEMAN, REBECCA BORGSMILLER, DR. BRENT CLARK, MANDY LITTLE, AND DR. GLENN POSHARD, KIRK OVERSTREET, KAREN KASBAN,

    Defendants.

Case No. 3:22-cv-02406-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss Plaintiff Luke Wegmann's Complaint filed by Defendants. (Doc. 55). For the reasons set forth below, the motion is denied.

## BACKGROUND

Luke Wegmann ("Wegmann") alleges he was accepted into John A. Logan College's DMS Cardiac Sonography Program ("Program") in April 2022. (Doc. 1, p. 1). The Program requires students to complete clinical rotations at its affiliate hospitals, which include Blessing Hospital. (*Id.* at p. 2). After learning that his clinical rotation site would be Blessing Hospital, Wegmann informed the hospital about his need for a religious exemption from the COVID-19 vaccination. (*Id.*). Blessing Hospital's department informed Wegmann that it did not provide separate exemptions to students, but they would accept a religious exemption provided by the College. (*Id.*).

According to Wegmann, he provided a statement to the Program Coordinator, Karen Kasban ("Kasban"), about his Christian beliefs and his need for a religious exemption from any COVID-19 vaccination requirement. (*Id*.). Kasban allegedly told Wegmann that "the College did not require the COVID-19 shot and therefore, it could not accommodate his religious beliefs by providing him with a religious exemption for the clinical affiliate." (*Id*.). Thus, "Kasban, in her capacity as the DMS Cardiac Sonography Program Coordinator, forced Mr. Wegmann to withdraw from the DMS Program instead of accommodating his sincere religious beliefs by granting an exemption from the COVID-19 vaccination requirement of a clinical affiliate of the College, while offering such an exemption from the flu vaccination." (*Id*.).

Wegmann brings this action against Defendants with the following claims: (1) Violation of his First Amendment Right to Free Exercise of Religion; (2) Violation of the First Amendment—Retaliation; (3) Violation of Article 1, Section 3 of The Illinois Constitution—Free Exercise; and (4) Violation of the Illinois Religious Freedom Restoration Act (775 ILCS 35). Defendants timely filed a Motion to Dismiss arguing that the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(1). (Doc. 55).

## ANALYSIS

To survive a motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must "'clearly . . . allege facts demonstrating each element'" required to establish he has standing. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). The "irreducible constitutional minimum" of standing requires a showing that a plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable

According to Wegmann, he provided a statement to the Program Coordinator, Karen Kasban ("Kasban"), about his Christian beliefs and his need for a religious exemption from any COVID-19 vaccination requirement. (*Id*.). Kasban allegedly told Wegmann that "the College did not require the COVID-19 shot and therefore, it could not accommodate his religious beliefs by providing him with a religious exemption for the clinical affiliate." (*Id*.). Thus, "Kasban, in her capacity as the DMS Cardiac Sonography Program Coordinator, forced Mr. Wegmann to withdraw from the DMS Program instead of accommodating his sincere religious beliefs by granting an exemption from the COVID-19 vaccination requirement of a clinical affiliate of the College, while offering such an exemption from the flu vaccination." (*Id*.).

Wegmann brings this action against Defendants with the following claims: (1) Violation of his First Amendment Right to Free Exercise of Religion; (2) Violation of the First Amendment—Retaliation; (3) Violation of Article 1, Section 3 of The Illinois Constitution—Free Exercise; and (4) Violation of the Illinois Religious Freedom Restoration Act (775 ILCS 35). Defendants timely filed a Motion to Dismiss arguing that the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(1). (Doc. 55).

## ANALYSIS

To survive a motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must "'clearly . . . allege facts demonstrating each element'" required to establish he has standing. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). The "irreducible constitutional minimum" of standing requires a showing that a plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable

judicial decision." *Id*.

The Seventh Circuit has recognized two types of challenges to standing. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). "Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Id*. Factual challenges allow district courts to look beyond the allegations and consider the evidence submitted on the issue *Id*. at 444 (citing *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008)). During a factual challenge, defendants contend there is "*in fact* no subject matter jurisdiction." *Id*. (quotation marks and citation omitted).

In *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015), the Court clarified the standard for facial challenges to standing. The Court noted that "in evaluating whether a complaint adequately pleads the elements of standing, courts apply the same analysis used to review whether a complaint adequately states a claim: [C]ourts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Id*. (quotation marks and citation omitted). The Court continued, finding that "when evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly–Iqbal's* plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Id*. at 174.

According to Defendants, Wegmann's Complaint "lacks standing on its face to sue these Defendants in Federal District Court as it fails to allege an injury in fact traceable to Defendants' conduct, as the only conduct alleged to have caused [Wegmann's] injury . . . is that of a third-party, Blessing Hospital, requiring COVID19 vaccination for clinical rotations." (Doc. 55, p. 4). The College asserts that "[Wegmann's] Complaint repeatedly states that at all relevant times the College did not require a COVID-19 vaccination." (*Id*. at p. 5).

The College argues that "requiring the vaccine is the independent action of a third-party not before the court, Blessing Hospital." (*Id.*). The College concludes that "[b]ecause [Wegmann] does not and cannot allege discriminatory and/or retaliatory conduct by the College, there is no standing to bring this case against the College in this Federal District Court." (*Id.* at p. 6).

The Court disagrees. Wegmann's complaint alleges an injury in fact traceable to Defendants' conduct. Indeed, Wegmann alleges enough factual information to establish a sufficiently strong nexus between his injury and Defendants' conduct, including the following:

- As Chief Executive Officer, Dr. Overstreet confirmed, sanctioned, and ratified Ms. Kasban's decision to refuse to provide Plaintiff Wegmann a religious exemption from the COVID-19 vaccine mandate of a clinical affiliate, thereby preventing him from completing his clinical rotation; confirmed, sanctioned, and ratified Ms. Kasban's ultimatum to Mr. Wegmann that he either receive the COVID vaccine or withdraw from the DMS Program; and confirmed, sanctioned, and ratified Ms. Kasban's failure to provide Mr. Wegmann with equal educational opportunity by accommodating his sincere religious beliefs, as required by the College's "Equal Educational Opportunity" policy (Board Policy 3510), 2022/2023 Student Guidebook, at page 19.

- Defendant Karen Kasban is the College's DMS Cardiac Sonography Program Coordinator and was responsible for ensuring that the Program's policies and procedures accorded with state and federal law, that the College provided students with the assistance necessary to progress through the program and complete the Program—ultimately becoming cardiac sonographers.

- Defendant Kasban was responsible for the creation, application, and enforcement of the College's informal policy against providing religious exemptions for students, like Mr. Wegmann, from the vaccine mandate of clinical affiliates, like Blessing Hospital.

- Defendant Kasban also retaliated against Mr. Wegmann for his protected conduct of requesting that the College issue a religious exemption to him from clinical affiliate-Blessing Hospital's COVID-19 vaccine mandate—she

    denied the exemption on the basis that the College does not mandate the vaccine and, therefor, cannot issue an exemption—and then told Wegmann he would need to receive the vaccine or withdraw from the Program—compelling his withdrawal.

- Mr. Wegmann's right to engage in such protected conduct without retaliation was clearly established at the time.

(Doc. 1). Accordingly, Defendants' argument that the College's clinical affiliate, Blessing Hospital, is an independent third party, uncontrolled by the College is refuted by the Complaint—and the College's Rule 12(b)(1) Motion to Dismiss Plaintiff's Complaint is denied.

## CONCLUSION

For these reasons, the Motion to Dismiss filed by Defendants (Doc. 55) is **DENIED.** The action will proceed on Wegmann's claims in Counts I, II, III, and IV.

**IT IS SO ORDERED.**

**DATED:  May 10, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**