UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE A. WEGMANN,<br><br>*Plaintiff(s)*<br><br>v.<br><br>TRUSTEES OF JOHN A LOGAN COLLEGE; WILLIAM J. KILQUIST, CHAIR; AARON R. SMITH, VICE-CHAIR; JACOB "JAKE" RENDLEMAN, SECRETARY; REBECCA BORGSMILLER; DR. BRENT CLARK; MANDY LITTLE; DR. GLENN POSHARD; KIRK OVERSTREET, PhD, and KAREN KASBAN,<br><br>*Defendant(s)* | Case Number:   3:22-CV-02406-JPG |

### DEFENDANTS' THIRD-PARTY COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Defendants / Third-Party Plaintiffs TRUSTEES OF JOHN A LOGAN COLLEGE; WILLIAM J. KILQUIST, CHAIR; AARON R. SMITH, VICE-CHAIR; JACOB "JAKE" RENDLEMAN, SECRETARY; REBECCA BORGSMILLER; DR. BRENT CLARK; MANDY LITTLE; and DR. GLENN POSHARD; KIRK OVERSTREET, PhD, and KAREN KASBAN, (hereafter: "Defendants"), by and through their attorneys, GOLDBERG SEGALLA LLP, and for their third-party complaint against Blessing Corporate Services, Inc. d/b/a Blessing Health System, Defendants state as follows:

### JURISDICTION

1.  This court has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367 premised on the fact that the underlying case this dispute arises out of is based on a federal question.

## **VENUE**

2.  Venue is proper in this district as the Plaintiff and Defendants in the underlying case are located in this district, and the occurrence forming the basis of this action occurred in this district.

## **THE PARTIES**

3.  Plaintiff Luke A. Wegmann is an Illinois citizen residing in Woodlawn, Illinois.

4.  Defendant / Third-Party Plaintiff John A. Logan College (hereafter: "JALC") is a public two-year comprehensive community college founded in 1967, and organized and existing under the laws of the State of Illinois. The College is located at 700 Logan College Drive, Carterville, IL 62918; in college district #530; in Jackson and Williamson Counties, as well as portions of Franklin, Perry, and Randolph Counties.

5.  Defendants / Third-Party Plaintiffs William J. Kilquist is Chairman of the Board of Trustees of the College; Defendant/Third-Party Plaintiff Aaron R. Smith is Vice Chair of the Board of Trustees; Defendant/Third-Party Plaintiff Jacob "Jake" Rendleman is Secretary of the Board of Trustees; and Defendants/Third-Party Plaintiffs Rebecca Borgsmiller, Dr. Brent Clark, Mandy Little, and Dr. Glenn Poshard are, and were at all times relevant to this Complaint, members of the College's Board of Trustees. The Trustees are sued in their official and individual capacities in the first-party case.

6.  Third-Party Defendant Blessing Corporate Services, Inc. d/b/a Blessing Health System (hereafter: "Blessing") is a non-for-profit healthcare corporation incorporated in 1982, organized and existing under the laws of the State of Illinois. It is located at 1005 Broadway, Quincy, IL 62301.

36585250.v1

## BACKGROUND

7.     Plaintiff's complaint alleges that Defendants'/Third-Party Plaintiffs' informal policy of refusing to grant students a religious exemption from the vaccination violates Illinois Constitution's Free Exercise Clause on its face and as applied to Mr. Wegmann. See Plaintiff's Complaint attached hereto as Exhibit "A." He furthermore claims that Defendants' refusal to accommodate Mr. Wegmann's sincere religious beliefs, by granting him an exemption from the vaccination requirement of a clinical associate, do not further a compelling governmental interest, and are not the least restrictive means of furthering any governmental interest, compelling or otherwise. Id. He finally claims that Defendants' policies and practices toward Mr. Wegmann violated his rights under the First or Fourteenth Amendment to the United States Constitution; violated his constitutional rights by failing to accommodate his sincere religious beliefs and by retaliating against him; and that Defendants' informal policy is unconstitutional, both facially and as applied. Id.

8.     Plaintiff's Complaint alleges four (4) separate counts against Defendants based upon the following theories of recovery: Count I -- Violation of Plaintiff's First Amendment Right to Free Exercise of Religion; Count II -- Violation of the First Amendment—Retaliation; Count III -- Violation of Article 1, Section 3 of The Illinois Constitution—Free Exercise; and Count IV -- Violation of the Illinois Religious Freedom Restoration Act (775 ILCS 35). Id.

## THE CONTRACT

9.     Blessing and JALC entered into a partnership, which was controlled by an affiliation agreement for the Diagnostic Medical Sonography Program, which is attached hereto as Exhibit "B" ("The Agreement"), and binds the parties to the following relevant terms and conditions:

"3. FACILITY RESPONSIBILITIES:

36585250.v1

    B. While students are to remain subject to the authority, policies and regulations imposed by School, during periods of clinical and non-clinical assignment, ***students will be subject to all rules, regulations and policies of Facility***. Facility shall provide an orientation to School and/or student regarding said rules, regulations and policies, training of systems used, and a tour of appropriate areas of Facility and provide reasonable access to such policies, rules and standards of practice.

    K. ***[Blessing/ Facility shall] [d]efend, indemnify and hold harmless School***, its directors, officers, employees, students, affiliate corporations and agents from and against any and all losses, claims, damages, demands, suits, judgments, penalties, settlements and costs (including reasonable attorney's fees and expenses) for injuries, property damage, professional and public liability, ***arising from the negligent acts or omissions of Facility, including its employees and agents, the negligent acts or omissions of students taken at the direction of Facility, its employees or agents, and any breach by Facility of any law or provision of this Agreement. This indemnification obligation shall survive any termination of this Agreement.***

    L. Facility shall secure and maintain at all times during the Term, at its sole expense, general liability and professional liability insurance, afforded via commercial insurance, self-insurance with limits of at least One Million Dollars ($1,000,000) per occurrence and three Million Dollars ($3,000,000) aggregate. Should such insurance cancel or be nonrenewable, Facility shall provide School with 30 days prior written notice. Upon request, Facility shall provide School with a certificate of insurance evidencing such coverage. Facility is not responsible for providing any type of insurance coverage for, or on behalf of, School and/or any of its students participating in Program as described within this Agreement. Facility does not cover nor accept liability for the acts or omissions of any student enrolled in an educational program at Facility and participating under this Agreement."

    *See* Exhibit B.

10. Under the Agreement, Blessing has an obligation under this contract to defend and indemnify JALC, based on the allegations in Plaintiff's Complaint.

11. On January 11, 2023, Counsel of JALC sent Maureen Kahn, president and CEO of Blessing a tender letter advising Blessing of their obligation to defend and indemnify JALC. Please See JALC Tender Letter attached as Exhibit "C."

36585250.v1

12. On February 7, 2023, Counsel for Blessing responded to JALC's tender letter by denying JALCs tender. Please see Blessing Denial of Tender Letter attached as Exhibit "D."

## COUNT I DECLARATORY ACTION

13. JALC adopts and repeats the allegations of ¶¶ 1 through 12 as and for ¶ 13 hereof as though the same were fully set forth herein.

14. Blessing has a duty and obligation to defend JALC in this cause under the Agreement.

15. Blessing has declined to defend JALC notwithstanding Blessing's contractual obligation to defendant JALC under the agreement.

16. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the BOP policy of insurance referred to herein and to adjudicate the final rights of the parties and to give such other and further relief as may be necessary to enforce the same.

17. Accordingly, JALC requests that this Court enter a judgment declaring that Blessing must defend and indemnify JALC in this litigation, and JALC is entitled to reimbursement for the attorneys' fees and costs already expended in defending this case.

WHEREFORE, the Defendants/Third-Party Plaintiffs TRUSTEES OF JOHN A LOGAN COLLEGE; WILLIAM J. KILQUIST, CHAIR; AARON R. SMITH, VICE-CHAIR; JACOB "JAKE" RENDLEMAN, SECRETARY; REBECCA BORGSMILLER; DR. BRENT CLARK; MANDY LITTLE; and DR. GLENN POSHARD; KIRK OVERSTREET, PhD, and KAREN KASBAN, request that This Honorable Court enter a judgment against Third-Party Defendant Blessing Corporate Services, Inc. d/b/a Blessing Health System, ordering as follows:

36585250.v1

a. That Blessing owes JALC a defense in this matter;

b. That Blessing must indemnify JALC in this matter;

c. That Blessing must reimburse JALC for attorneys' fees and costs in this matter;

d. for any other relief this Court deems just.

## COUNT II BREACH OF CONTRACT

18. JALC adopts and repeats the allegations of ¶¶ 1 through 17 as and for ¶ 18 hereof as though the same were fully set forth herein.

19. The Agreement is a valid and enforceable contract under which Blessing agreed to provide a defense and indemnify JALC. See Exhibit "B."

20. Blessing breached The Agreement by denying JALC's tender of defense and indemnification.

21. As a direct and proximate result of the Blessing's respective breaches of the Agreement, JALC has incurred damages and will continue to incur substantial additional sums, damages, and expenses. Blessing has deprived JALC of the benefit of their agreement to provide a defense and indemnify JALC.

WHEREFORE, the Defendants / Third-Party Plaintiffs TRUSTEES OF JOHN A LOGAN COLLEGE; WILLIAM J. KILQUIST, CHAIR; AARON R. SMITH, VICE-CHAIR; JACOB "JAKE" RENDLEMAN, SECRETARY; REBECCA BORGSMILLER; DR. BRENT CLARK; MANDY LITTLE; and DR. GLENN POSHARD; KIRK OVERSTREET, PhD, and KAREN KASBAN, request that This Honorable Court find that Third-Party Defendant Blessing Corporate Services, Inc. d/b/a Blessing Health System breached its contract with Defendants / Third-Party Plaintiffs and for any other relief This Court feels just.

36585250.v1

**Dated**: May 19, 2023                           Respectfully submitted,

                                            **GOLDBERG SEGALLA LLP**
                                            By:  /s/*Danielle N. Malaty*
                                                Danielle N. Malaty
                                                Mailing Address:
                                                PO Box 957, Buffalo NY 14201
                                                222 West Adams Street, Suite 2250
                                                Chicago, IL 60606-5307
                                                312-572-8400 (Telephone)
                                                312-572-8401 (Facsimile)
                                                dmalaty@goldbergsegalla.com
                                                ARDC # 6315548
                                                Attorney for Defendants

36585250.v1